UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DIMITRI PATTERSON,

    Plaintiff,

v.                                Case No. 3:20-cv-4349-MCR/MJF

UNITED STATES, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's "Emergency Motion for Preliminary Injunction Memorandum of Points and Authorities Preliminary Statement." (Doc. 1). For the reasons stated below, the undersigned respectfully recommends that this case be transferred to the United States District Court for the Southern District of Florida because it is the proper venue for this action.[1]

**I.   Background**

Plaintiff, proceeding *pro se*, commenced this action by filing a document titled "Emergency Motion for Preliminary Injunction Memorandum of Points and

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

Authorities Preliminary Statement" and named thirty-three Defendants.[2] Plaintiff alleges in his motion that on October 23, 2018, Orange County Sheriff's Officers and Ocoee Police Officers followed him to a gas station in Ocoee, Florida, and arrested him without a valid warrant. (*Id.* at 2-3). Plaintiff states that after he was arrested, the officers unlawfully searched his vehicle.

Plaintiff alleges that he was later transported to the Turner Guilford Knight Correctional Center ("TGK") in Miami, Florida where he "is continuing to [be] illegally and unlawfully detain[ed]."[3] Plaintiff alleges that United States Attorney General William P. Barr has directed correctional officers at TGK to induce Plaintiff "into requesting a Habeas Corpus form" in order "to obtain Contempt of Court and Battery charges for further detainment, so that Barr can complete his ultimate goal." (*Id.* at 4-5). Plaintiff also alleges that the Attorney General plans to forge Plaintiff's signature on various documents in order to transfer Plaintiff's "rights to property." (*Id.* at 5). Plaintiff states that the Attorney General is "doing the bidding on behalf of the National Football League (NFL) and President Donald J. Trump." (*Id.* at 6). Plaintiff alleges that the Attorney General and the President have directed various

---

[2] It is unclear whether all the individuals whom Plaintiff lists in his motion are Defendants.

[3] Plaintiff lists "16877 E Colonial Dr. Unit 403, Orlando, FL 32820" as his current address. An internet search indicates that this is "The UPS Store." Thus, it is unclear whether Plaintiff is still incarcerated.

individuals at TGK to attack Plaintiff. Plaintiff requests that the court enter a preliminary injunction to "enjoin all Defendants and the State of Florida" from "obstruction and civil rights violations." (*Id.* at 12).

## II.   Discussion

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*.

When a civil action is brought in the wrong forum, the district court may transfer it to the proper forum. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The decision to transfer an action is left to the "sound discretion of the

district court . . . ." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

The Northern District of Florida is not the proper venue for this action. In this case, Plaintiff asserts that a majority of the events giving rise to this case occurred in Miami, Florida. Miami is located in the Southern District of Florida. Thus, the likely sources of proof of Defendant's alleged actions are located there. As the proper venue for this action is the Southern District of Florida, it is in the interest of justice to transfer this case to that forum.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS**:

1. This case be **TRANSFERRED** to the United States District Court for the Southern District of Florida.

2. The clerk of the court close this file.

At Panama City, Florida this 2nd day of June, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.